UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Untied States of America, ) | |
| ) | Cr. No.: 8:06-cr-1189-GRA-4 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Francisco Valencia–Palacios, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Defendant's *pro se* "Motion for Reduction of Sentence in Light of the November First 2010 Amendments to the U.S.S.G." For the following reasons, the Court denies Defendant's Motion.

**Background**

Defendant pled guilty to possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. This Court sentenced Defendant to 87 months imprisonment on each count, with such terms to run concurrently.

Defendant filed the instant Motion on April 7, 2011.

**Standard of Review**

Defendant brings this motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a

potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### Discussion

Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction consistent with recent amendments to the United States Sentencing Guidelines. Specifically, Defendant seeks application of (1) an amendment to Part H of Chapter 5 of the Guidelines, which amends policy statements in Part H to clarify that certain personal characteristics, such as age, mental and emotional condition, physical condition, and past military service, may be considered in determining whether a downward departure is warranted, *see* U.S.S.G. Ch. 5, Pt. H & App. C, amend. 739, and (2) an amendment to U.S.S.G. § 2L1.2, which adds an application note providing that a downward departure may be warranted in illegal re-entry cases on the grounds of cultural assimilation, *see* U.S.S.G. § 2L1.2 & App. C, amend. 740.

As relevant to the pending Motion, 18 U.S.C. § 3582 provides that the Court may modify a defendant's sentence if the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Guidelines sets forth the Sentencing

Commission's policy statement with respect to sentence reductions based on subsequent amendments and specifically identifies those amendments that courts may apply retroactively pursuant to § 3582(c)(2). *See* U.S.S.G. § 1 B1.10(a)(2)(A). If an amendment is not listed in § 1B1.10(c), a court may not apply it retroactively in a § 3582(c)(2) motion. *See id.*; *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 2401 (2009).

Neither Amendment 739 nor Amendment 740 is listed in U.S.S.G. § 1B1.10(c). As such, retroactively applying these amendments to Defendant's sentence would be inconsistent with the stated policy of the Sentencing Commission.

Moreover, none of the amended Guidelines sections Defendant relies upon would actually lower his Guidelines range. As one district court recently stated,

> Amendment 739 simply amends policy statements regarding a court's ability to grant a downward departure based on certain personal characteristics and does not actually lower the applicable Guidelines range. Similarly, Amendment 740 authorizes a downward departure based upon a defendant's cultural assimilation; the applicable Guidelines range remains unaffected. In any event, Amendment 740 would not be applicable to the Defendant, as it applies only to illegal re-entry cases, and the Defendant was convicted of conspiracy to possess and distribute methamphetamine.

*United States v. Loaces*, No. 1:99-cr-52-14, 2011 WL 1060587, at *1 (W.D.N.C. Mar. 23, 2011); *accord United States v. Garcia*, No. 4:08-cr-123-1-JMM, 2010 WL 5279941, at *1 (E.D. Ark. Dec. 17, 2010) (finding that Amendments 739 and 740 do not alter Guidelines ranges).

In sum, Defendant has not shown a sufficient basis for sentence reduction under § 3582(c)(2).  Therefore, his Motion must be denied.

IT IS THEREFORE ORDERED THAT Defendant's Motion (ECF No. 139) is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  20 , 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within fourteen (14) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**